**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Joni Diane Stringer, | No. CV-22-00387-TUC-JCH |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff Joni Diane Stringer brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision by the Commissioner of Social Security ("Commissioner"). Doc. 1. This matter was referred to United States Magistrate Judge Lynette C. Kimmins for Report and Recommendation ("R&R"). Doc. 14. On December 18, 2023, Judge Kimmins issued her R&R finding the Administrative Law Judge ("ALJ") did not err and recommending this Court affirm the Commissioner's decision. Doc. 26 at 12. Plaintiff objects to the R&R. Doc. 27. The Court will overrule Plaintiff's objections, adopt the R&R in full, and affirm the Commissioner's decision.

**I.      FACTUAL AND PROCEDURAL HISTORY**

In February 2019, Plaintiff filed her initial application for Title II Disability Insurance Benefits, alleging disability beginning June 1, 2017. *See* Administrative Record ("AR") 316–25. Plaintiff's application was denied upon initial review and on reconsideration. AR 105–31. On September 2, 2020, ALJ Kelly Walls found Plaintiff not disabled because she could perform past relevant work. AR 132–47. On February 8, 2021,

the Appeals Council vacated the ALJ's decision and remanded the case to the ALJ to resolve conflicts between vocational expert evidence and the Dictionary of Occupational Titles. AR 152–55. On December 22, 2021, the ALJ again found Plaintiff not disabled because she could perform past relevant work and concluded that Plaintiff was not disabled pursuant to the Social Security Act. AR 23–35.

To be found disabled and qualified for Disability Insurance Benefits or Supplemental Security Income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(a) & 1382(a)(3)(A). The same five-step sequential evaluation governs eligibility for benefits under both programs. *See* 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140–142 (1987). The five-step process requires the claimant to show (1) she has not worked since the alleged disability onset date, (2) she has a severe physical or mental impairment, and (3) the impairment meets or equals a listed impairment, or (4) her residual functional capacity ("RFC") precludes her from doing her past work. If at any step the Commissioner determines that a claimant is or is not disabled, the inquiry ends. If the claimant satisfies her burden through step four, the burden shifts to the Commissioner to show at step five that the claimant has the RFC to perform other work that exists in substantial numbers in the national economy. *Lester v. Chater*, 81 F.3d 821, 828 n. 5 (9th Cir. 1995); *see also Bowen*, 482 U.S. at 146 n. 5 (describing shifting burden at step five).

In this case, the ALJ found at step one that Plaintiff had not engaged in substantial gainful activity during the relevant period. AR 26. At step two, the ALJ found Plaintiff had "severe"[1] impairments including COPD, asthma, obesity, adjustment disorder with depressed mood and insomnia, and major depressive disorder. AR 26. At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal the severity of one

---

[1] An "impairment or combination of impairments" is "severe" if it "significantly limits [the] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c).

of the impairments listed in 20 C.F.R., Part 404, Subpart P, Appendix 1. AR 26–29. Between steps three and four, the ALJ determined Plaintiff had the Residual Functional Capacity[2] ("RFC") to perform medium work as defined in 20 CFR 404.1567(c), with postural limitations, restricted exposure to concentrated environmental factors (dust, fumes, gases, odors, and chemicals), and with limited decision-making and social interaction in the workplace. AR 29. At step four, the ALJ found Plaintiff could perform past relevant work as a laundry attendant and that such work does not require activities precluded by Plaintiff's RFC. AR 34. Accordingly, the ALJ concluded Plaintiff was not disabled since June 1, 2017, the date she filed her application. AR 34. Plaintiff requested review before the Appeals Council, which was denied on July 6, 2022, thereby making the ALJ's decision the Commissioner's final decision. AR 1–7. Thereafter, Plaintiff timely filed the instant action. Doc. 1. Plaintiff argues the ALJ erred by (1) improperly rejecting opinion evidence by Dr. Peter Hauser, MD ("Dr. Hauser") and (2) failing to provide clear and convincing reasons for rejecting Plaintiff's symptom testimony. Doc. 20.

Judge Kimmins issued an R&R finding that the ALJ did not err in rejecting opinion evidence by Dr. Peter Hauser, MD ("Dr. Hauser") or rejecting Plaintiff's symptom testimony. *See* Doc. 26. Plaintiff objects.[3] Doc. 27. Plaintiff first objects to Judge Kimmins's recommended finding that the ALJ adequately addressed "supportability" with respect to the medical opinions of Dr. Hauser. Doc. 27 at 2–3. Second, Plaintiff objects to the recommendation that any failure by the ALJ to explicitly address both the supportability and consistency of Dr. Hauser's opinions was harmless error. Doc. 27 at 3–6. Third, Plaintiff objects to the recommendation that the ALJ provided clear and convincing reasons for discounting symptom testimony that Plaintiff's Major Depressive Disorder produces

---

[2] "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n.2 (9th Cir. 2007). A plaintiff's residual functional capacity is what they can do despite existing exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155–56 n.5–7 (9th Cir. 1989).

[3] Plaintiff did not object to the R&R's factual and procedural summary, or the standard of review (*see* Doc. 27), therefore the Court adopts those portions in full. Doc. 26 at 1–3.

disabling restrictions. Doc. 27 at 7–9. Plaintiff requests this Court sustain Plaintiff's objections, decline to adopt the R&R, and remand the matter for further administrative proceedings including a de novo hearing and a new decision. Doc. 27 at 9.

## II. STANDARD OF REVIEW

### A. Review of the Report and Recommendation

In reviewing a Magistrate Judge's R&R, "[a] judge of the court shall make a de novo determination of those portions of the report ... to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).

### B. Review of the ALJ's Decision

An ALJ's decision may be reversed only when it is unsupported by substantial evidence or constitutes harmful legal error. *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001). "Substantial evidence means more than a mere scintilla, but less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (internal quotation and citation omitted). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## III. ANALYSIS

### A. Supportability

Plaintiff argues the ALJ did not address supportability in rejecting opinion evidence from Dr. Hauser and Judge Kimmins's recommendation finding otherwise should be rejected. While the Court conducted a de novo review of the entire Administrative Record,

- 4 -

Plaintiff did not object to the accuracy of Judge Kimmins's factual summary of Dr. Hauser's treatment, notes, and conclusions (Doc. 26 at 4:12–6:3), therefore the Court adopts those portions of the R&R in full and will not rehearse those facts here. Notably, the ALJ found several of Dr. Hauser's assertions of "marked limitations" lacked support, which negatively affected the persuasiveness of Dr. Hauser's opinion. *See* AR 33.

ALJs are to consider both supportability[4] and consistency[5] when evaluating the persuasiveness of a medical opinion. 20 C.F.R. § 404.1520c(b)(2) (supportability and consistency are "the most important factors" for persuasiveness of a medical opinion). ALJs are required to explain how they "considered the supportability and consistency factors for a medical source's medical opinions…" 20 C.F.R. § 404.1520c(b)(2). "[A]n ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

The Court agrees with the Magistrate Judge's finding that the ALJ adequately addressed supportability in the decision: "There is insufficient evidence to *support* [Dr. Hauser's] assertion that [Plaintiff] has marked limitations in social functioning, adaptation and self-care, or concentration, persistence and pace." AR 33 (emphasis added). The ALJ first listed several statements from Dr. Hauser's September 18, 2020, opinion before finding his opinion only partially persuasive. AR 33. The ALJ articulates the reason for this determination as discrepancies between Dr. Hauser's opinion and Dr. Hauser's medical records. *See* AR 30–33. The ALJ reasoned that Dr. Hauser's records contained insufficient or contradictory evidence to support the opinion that Plaintiff has "marked limitations" in three domains of mental functioning. AR 33. The ALJ then notes that Dr. Hauser's records[6]

---

[4] Supportability refers to the connection between (1) objective medical evidence and supporting explanations and (2) the resulting medical opinions. *See* 20 C.F.R. § 404.1520c(c)(1). It is an "internal check" on whether a doctor's opinions are supported by that doctor's medical records. *See* Doc. 27 at 2 n.1.

[5] Consistency refers to the connection between (1) the medical opinion and (2) other medical and nonmedical sources from the claim. *See* 20 C.F.R. § 404.1520c(c)(2). In other words, it is an "external check" on whether a particular doctor's opinion is consistent with evidence from other sources in the claim record. *See* Doc. 27 at 2 n.1.

[6] While the ALJ only cites to Dr. Hauser's records once in the paragraph discussing supportability, the ALJ also refers to discussions "above in the body of [the ALJ's]

detailing Plaintiff's medication compliance, intellectual functioning, and motivation are in contradiction with Dr. Hauser's September 2020 opinion. AR 33. The ALJ considered the supportability of Dr. Hauser's opinion, articulated the reasons for finding the opinion only partially persuasive, and supported those reasons with substantial evidence from the Administrative Record. Thus, the ALJ adequately addressed the supportability of Dr. Hauser's medical opinion. The Court will overrule Plaintiff's objections and fully adopt the Magistrate Judge's recommendation on this point.

### B.  Harmless Error

Plaintiff alleges that any legal error is grounds to set aside an ALJ's determination. *See* Doc. 25 at 5. But the Court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1004, 1111 (9th Cir 2012), *superseded by regulation on other grounds*. "An error is harmless if it is inconsequential to the ultimate nondisability determination[.]" *Treichler v. Comm'r of Soc., Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2015) (internal quotation and citation omitted). Put differently, "an error is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error does not negate the validity of the ALJ's ultimate conclusion." *Molina*, 674 F.3d at 1115 (internal quotation marks and citations omitted).

Even if the ALJ had not adequately addressed supportability, it would be harmless error because the persuasiveness determination was supported by substantial evidence. The regulations state ALJs must address both supportability and consistency when explaining the persuasiveness of a medical opinion. 20 C.F.R. § 404.1520c(b)(2) (An ALJ "will explain" how it considers supportability and consistency, versus other statutory factors that ALJs simply "may, but are not required to, explain."). But 82 Fed. Reg. at 5854 states "[a] medical opinion without supporting evidence, or one that is inconsistent with evidence from other sources, will not be persuasive regardless of who made the medical opinion."

---

decision"—discussions that thoroughly cite to Dr. Hauser's records. *See* AR 30–33. Thus, the Court will infer that the ALJ was referring to Dr. Hauser's records to evaluate the supportability of Dr. Hauser's opinion. *See Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989) (proper for a reviewing court to draw "specific and legitimate inferences from the ALJ's opinion").

- 6 -

Similarly, in *Woods*, the Court of Appeals upheld an ALJ's rejection of a medical opinion that only addressed consistency, stating "the decision to discredit any medical opinion, must simply be supported by substantial evidence." 32 F.4th at 787. Other courts have inferred from the *Woods* decision that an ALJ addressing only supportability or consistency is harmless error, so long as there is substantial evidence to support the finding. *See Joseph F. v. Kijakazi*, No. ED CV-22-050-DFM, 2022 WL 17903079, at *7 (C.D. Cal. Oct. 11, 2022) (collecting cases), *appeal dismissed sub nom. Fields v. Kijakazi*, No. 22-56187, 2023 WL 2572464 (9th Cir. Jan. 26, 2023). The Court agrees with this implication[7] and finds that even if the ALJ failed to address supportability, the error is harmless because the ALJ adequately addressed consistency.

Following Plaintiff's argument would require a longer path to the same outcome. If the ALJ finds persuasiveness already partially or fully failed based on one factor, remand to address the other factor would not reverse that persuasiveness finding. This is the very sort of error that is "inconsequential to the ultimate nondisability determination." The Court will overrule Plaintiff's objections and fully adopt the Magistrate Judge's explanation on this point.

### C. Discounting Major Depressive Disorder Symptom Testimony

In evaluating symptom testimony, the ALJ must engage in a two-step analysis. First, the ALJ must determine whether the claimant presented objective medical evidence of an impairment that could reasonably be expected to produce the symptoms alleged. *See* 20 C.F.R. §§ 404.1529 & 416.929. If the claimant has presented such evidence, the ALJ proceeds to consider "all of the available evidence, including [the claimant's] history, the signs and laboratory findings, and statements from [the claimant]," her doctors, and other persons to determine the persistence and intensity of these symptoms. *See* 20 C.F.R § 404.1529(c)(1). If there is no evidence of malingering, the ALJ may reject the claimant's

---

[7] Plaintiff objects to any recommendation by the Magistrate Judge that the District Court find the Court of Appeals in *Woods* held "that the ALJ is only required to address one factor or the other … [or] that substantial evidence trumps the need to comply with the regulations." Doc. 27 at 5. The Magistrate Judge made no such recommendation, and the Court makes no such finding.

symptom testimony only by giving specific, clear, and convincing reasons that are supported by substantial evidence. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). In other words, "[t]he ALJ must specify what testimony is not credible and identify the evidence that undermines the claimant's complaints – general findings are insufficient." *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005) (internal citation and quotation omitted); *see Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020) (finding insufficient the ALJ's "boilerplate statement" that the claimant's symptom testimony was "not entirely consistent with the objective medical evidence").

Here, the ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms, but concluded Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." AR 30. Plaintiff objects to the ALJ's conclusions related to Plaintiff's mental health symptom testimony. Plaintiff argues that "the ALJ does not point to genuine inconsistencies; rather, she suggests character deficits and implies that Plaintiff's condition is her own fault." Doc. 20 at 18. Plaintiff alleges the ALJ failed to address Plaintiff's testimony "that she is unable to tolerate being around people" and instead improperly chastised Plaintiff for not following her prescribed medication regimen. Doc. 25 at 7–8. Further, Plaintiff objects to the Magistrate Judge's recommended finding that "the ALJ's discussion about why Plaintiff ceased working and the fact that she continued to look for work were clear and convincing reasons for the ALJ to discount [Plaintiff's] testimony." Doc. 27 at 7.

Plaintiff did not object to the accuracy of the Magistrate Judge's summary of the Administrative Record on this issue. *See generally* Doc. 27 at 7–9. Though the Court conducted a de novo review of the Administrative Record, the Court will adopt those summary portions of the R&R in full (Doc. 26 at 8:24–11:2, 11:4–15) and will not restate a summary here.

The ALJ discounted Plaintiff's symptom testimony and, in support, cited the

- 8 -

objective medical evidence and other evidence from the Administrative Record. AR 30–32; *see also* AR 28. While an ALJ may not discount a claimant's symptom testimony solely because a claimant's symptoms are not substantiated by the medical evidence, the medical evidence is a relevant consideration in evaluating the claimant's symptoms. SSR 16-3p; *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (citing 20 C.F.R. § 404.1529(c)(2)).

In discounting Plaintiff's symptom testimony, the ALJ cited not only Plaintiff's mental health treatment records, but also statements from Plaintiff that she stopped working to care for her elderly parents, rather than due to disability (AR 527, 603); she continued to seek and engage in work and volunteer activities (AR 503, 575, 670, 674, 715); and she was able to interact with friends and neighbors (AR 95–96, 500, 605, 633, 674), go to church (AR 96–97, 747), and go shopping (AR 95–96)—all during the relevant assessment period where Plaintiff alleged she was "unable to tolerate being around people." Doc. 25 at 7–8; *see also* AR 49–53. The ALJ further noted Plaintiff interacted appropriately with medical personnel of record, as well as with the ALJ at the hearing. AR 28. These citations to the Administrative Record are substantial evidence, clearly and convincingly articulated by the ALJ as the reasons for discounting Plaintiff's symptom testimony. The Court will overrule Plaintiff's objections and fully adopt the Magistrate Judge's recommendation on this point.

**IV.   ORDER**

**IT IS ORDERED OVERRULING** Plaintiff's Objections to the Report and Recommendation (Doc. 27).

**IT IS FURTHER ORDERED ADOPTING IN FULL** the Report and Recommendation, (Doc. 26), and **AFFIRMING** the decision of the Commissioner.

///

///

///

///

**IT IS FURTHER ORDERED DIRECTING** the Clerk of the Court to enter judgment accordingly and close this case.

Dated this 28th day of March, 2024.

John C. Hinderaker
United States District Judge